**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

KIM BOYCE,

Petitioner,

v.

WARDEN BAILEY,

Respondent.

No. 2:26-cv-11424-AB-BFM

**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED**

This Order concerns a federal habeas petition brought pursuant to 28 U.S.C. § 2254. (ECF 1 ("Pet.").) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the Court must review the Petition before ordering a response. If it "plainly appears" from that initial review that Petitioner is not entitled to relief, the Court must promptly dismiss the Petition.

Here, Petitioner claims that he is entitled to post-judgment relief under the Racial Justice Act. (Petition at 3.) It appears, however, that the Petition must be dismissed because Petitioner has not yet exhausted his claim in the state court.

An individual challenging a state conviction must exhaust state court remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Here, the Petition does not reflect that Petitioner presented his Racial Justice Act claim to any California courts at all, let alone to the California Supreme Court. Indeed, the only case the Court can find under his name in the dockets of the California appellate courts was on direct appeal, in 1998. *See* https://appellatecases.courtinfo.ca.gov/. As such, it appears his Petition is subject to dismissal in this Court for failure to exhaust.

Petitioner is therefore **ordered** to show cause (meaning explain in writing) why the Court should not recommend dismissal of the Petition, **no later than November 13, 2026.** In his response, Petitioner must set forth his arguments, if any, as to why his Petition should not be dismissed for the reasons stated in this Order. Petitioner's failure to file a timely response as ordered may result in the Court recommending to the District Judge that this case be dismissed for failure to prosecute and to follow court orders.

DATED: October 15, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE